**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In the Matter of: | No. 08-2329-PHX-MHM |
| James Henderson Sanders, | Bankruptcy Case No. 2:07-bk-01734-RTB |
| Debtor. | |
| | **ORDER** |
| James Henderson Sanders, Debtor, | |
| Appellant, | |
| v. | |
| Progressive Casualty Insurance Company, an Ohio corporation, et al., | |
| Appellee. | |

The Court is in receipt of Mr. Sanders' Informal Petition for Reconsideration of [the] Court's Order of 9/29/09 (Dkt.#26). Although Mr. Sanders did not identify the procedural basis for his motion, because it was filed within ten days of the Court's Order, the Court hereby construes his motion as a Rule 59(e) motion to alter or amend the judgment.

The decision to alter or amend the judgment under Rule 59(e) is committed to the sound discretion of the trial court. McDowell v. Calderon, 197 F.3d 1253l 1254 n.1 (9th Cir. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2810.1 (2d ed. 1995)). There are four grounds upon which a Rule 59(e) motion may be granted: (1) the motion is "necessary to correct manifest errors of law or fact upon which a judgment is based," (2) the moving party presents "newly discovered or previously

1  unavailable evidence," (3) the motion is necessary "to prevent manifest injustice," (4) there
2  is an "intervening change in controlling law." Id.

3  However, this Petition fails to raise any arguments that would justify a reversal of the
4  Court's earlier decision, even assuming that all of Mr. Sanders' newly supplied citations and
5  factual assertions were correct. Mr. Sanders never supplied the Court with a factual
6  summary of the case; nor did he question the factual summary provided by Progressive in its
7  Response, even though he had the clear opportunity to do so in his Reply. Allowing Mr.
8  Sanders to raise such factual disputes now, after they have been waived, would undermine
9  judicial efficiency and finality. Moreover, even assuming that Mr. Sanders' newly supplied
10 factual details are true, they are not sufficient to justify a reversal of the Court's prior Order.
11 The Petition for Reconsideration merely questions the accuracy of nondispositive facts such
12 as whether Mr. Sanders was alleging that Progressive violated the stay in the present case or
13 a previous case. He did not supply the factual details to support this claim under either
14 scenario; thus, it is immaterial that he meant to allege that Progressive was violating the stay
15 in the present case. For these reasons, Mr. Sanders' Petition for Reconsideration is hereby
16 denied.

17 **Accordingly,**

18 **IT IS HEREBY ORDERED** denying Mr. Sanders' Informal Petition for Reconsideration
19 of [the] Court's Order of 9/29/09 (Dkt.#26)

20 DATED this 15th day of October, 2009.

_____
Mary H. Murgula
United States District Judge